UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN B. BRADLEY,

    Petitioner,                            Civil No. 5:08-CV-15019
                                               HONORABLE JOHN CORBETT O'MEARA
                                               UNITED STATES DISTRICT JUDGE

SUSAN DAVIS,

    Respondent,
_____/

**OPINION AND ORDER (1) DENYING THE MOTION TO HOLD IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE.**

      Marvin B. Bradley, ("Petitioner"), presently confined at the Huron Valley Men's Complex in Ypsilanti, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 4, 2008, in which he challenges his convictions for second-degree murder, M.C.L.A. 750.317; assault with intent to commit murder, M.C.L.A. 750.83; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. Petitioner has also filed a motion to stay the proceedings and hold the petition in abeyance in order to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust seven of the claims contained in his petition which have yet to be presented to the state courts. For the reasons stated below, the Court will deny the motion to hold the petition for writ of habeas corpus in abeyance. The Court will also summarily dismiss the petition for writ of habeas corpus without prejudice.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Bradley,* No. 269568 (Mich.Ct.App. May 22, 2007); *lv. den.* 480 Mich. 861; 737 N.W. 2d 513 (2007).

On or about April 20, 2008, petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq.* Petitioner raised seven of the claims in his post-conviction motion that he is currently raising in his instant petition. On August 7, 2008, the trial court denied post-conviction relief with respect to six of petitioner's claims, but ordered the Wayne County Prosecutor to file a response to petitioner's remaining post-conviction claim. *People v. Bradley,* No. 05-12647 (Wayne County Circuit Court, August 7, 2008). By petitioner's own admission, his final post-conviction claim has yet to be ruled on by the Wayne County Circuit Court.

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on ten claims.

## II. Discussion

The instant petition is subject to dismissal because it contains seven claims which, by petitioner's own admission, have not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. §

2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner acknowledges that only his first three claims have been exhausted with the state courts on his direct appeal. Petitioner admits that his last seven claims have not yet been exhausted with the state courts. Petitioner has an available state court remedy with which to exhaust his fourth though tenth claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner can exhaust these claims by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502, which he has already begun to do. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme

3

Court in order to properly exhaust the claims that he is raising in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his fourth through tenth claims, rather than dismissing it without prejudice.

The Michigan Supreme Court denied petitioner's application for leave to appeal on September 10, 2007. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on December 9, 2007. *See*

4

*Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed his post-conviction motion with the Wayne County Circuit Court on or about April 20, 2008, after only a little more than four months had expired on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost eight months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

There is however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the

5

decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly meritless. For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from December 4, 2008, the date petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below.

### III. ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to hold habeas petition in abeyance is **DENIED.**

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from December 4, 2008, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner returns to this Court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

                                                s/John Corbett O'Meara  
                                                United States District Judge

Date: December 15, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 15, 2008, by electronic and/or ordinary mail.

                                                  s/William Barkholz  
                                                Case Manager